*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELANIE WELCH,

   Plaintiff-Appellant,

v

DOUGLAS SELBY,

   Defendant-Appellee.

UNPUBLISHED
October 02, 2025
10:23 AM

No. 371031
Washtenaw Circuit Court
LC No. 22-001215-NZ

Before: O'BRIEN, P.J., and K. F. KELLY and BORRELLO, JJ.

K. F. KELLY, J. (*concurring in part and dissenting in part*).

While I ultimately agree with the majority's decision to remand the case for further proceedings, I respectfully dissent with regard to the majority's interpretation of the advice-of-counsel defense. Additionally, I believe the record is sufficiently developed to support the trial court's grant of summary disposition with respect to the October 2019 charges against plaintiff.

As the majority summarizes, this malicious-prosecution action involves two separate charges against plaintiff for assault and battery arising out of the same September 22, 2019 incident. In October 2019, plaintiff was initially charged with two counts of assault and battery as it related to defendant and Barbara Burkhardt. Defendant attached the October 2019 charging document to his reply brief in the trial court. In October 2020, plaintiff was again charged for one count of assault and battery as it related to defendant, however, this charging document was not filed in the lower court.

To prevail on a claim for malicious prosecution, a plaintiff must prove the following elements:

(1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice. [*Matthews v Blue Cross & Blue Shield of Mich*, 456 Mich 365, 378; 572 NW2d 603 (1998).]

With respect to the first element, "the prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." *Id*. at 384.

Although the majority focuses on the third element regarding probable cause, I conclude that plaintiff failed to establish the first element regarding initiation of the prosecution as it relates to the October 2019 charges. In *Matthews*, the Michigan Supreme Court held that a plaintiff failed to establish the first element, stating, "The plaintiff failed to show that defendant's agents instituted the proceeding or maintained it. The prosecutor authorized the warrant, and [the detective] was the complainant. The warrant request was based on [the detective's] independent investigation, not on the information the defendant's agent submitted." *Id*. at 383-384. In this case, the record reflects that the officer in charge submitted a police report for review by the prosecutor's office, the prosecutor authorized the warrant, and the officer in charge was the complaining witness. As in *Matthews*, plaintiff failed to establish the first element of her claim because the prosecutor independently exercised his discretion in initiating the prosecution. See *id*. at 384.

The majority relatedly discusses defendant's potential advice-of-counsel defense and correctly emphasizes the distinction between this defense and the third element regarding probable cause. However, I believe the majority has overlooked the distinction between the advice-of-counsel defense and the first element regarding initiation of the prosecution. While the *Matthews* Court cited law observing that the "defense of advice of counsel" relates to the first element and is "based upon the idea that defendant has not in fact instituted the prosecution," *id*. at 389-390 (quotation marks and citations omitted), it otherwise went to great lengths to distinguish a plaintiff's prima facie case from "the affirmative defense of reliance on advice of an attorney," *id*. at 379-380. The Court summarized the advice-of-counsel defense as follows:

> A private person who institutes or maintains a prosecution without probable cause may avoid liability on the ground that he instituted the prosecution at the direction or on the advice of the prosecutor, where he offers proof sufficient to permit a finding that he made a full and fair disclosure of the material facts. [*Id*. at 380.]

It then immediately clarified, "This defense is simply not in issue unless the plaintiff makes out a prima facie case." *Id*. at 381. After noting this distinction, the Court proceeded to analyze the plaintiff's prima facie case, concluding that the defendant "did not initiate or maintain the prosecution as a matter of law," because "[t]he independent exercise of prosecutorial discretion establishe[d] that the private defendant did not initiate the prosecution," which "negate[d] an element of plaintiff's prima facie case." *Id*. at 386.

The majority appears to conflate the foregoing principles as being solely attributable to the advice-of-counsel defense, and asserts that the burden of proof for these arguments falls on defendant. While the advice-of-counsel defense may certainly be implicated by defendant's arguments regarding truthful disclosure of facts to law enforcement, I conclude that it is distinct from the first element, which required plaintiff to prove "that the defendant has initiated a criminal prosecution against [her] . . . ." *Id*. at 378. Plaintiff failed to meet her burden of establishing this element.

The majority declined to reach the merits of the above arguments because defendant did not properly raise them in the trial court. Notwithstanding, this Court has discretion to review an unpreserved issue in a civil case "if the issue involves a question of law and the facts necessary for determination have been presented . . . ." *Compagner v Burch*, 347 Mich App 190, 211; 14 NW3d 794 (2023) (quotation marks and citation omitted). As discussed above, the record clearly demonstrates that defendant did not initiate the criminal prosecution against plaintiff with respect to the October 2019 charges, and I would partially affirm the trial court's grant of summary disposition on that basis. However, further factual development is required as it relates to the October 2020 charge.

Therefore, while I disagree with the majority's interpretation of the advice-of-counsel defense and would partially affirm the trial court's grant of summary disposition with respect to the October 2019 charges, I concur with the majority's decision to remand the case for further proceedings because there is insufficient factual development as it relates to the October 2020 charge.

/s/ Kirsten Frank Kelly